UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CHRISTINA THARP**                                                                                           **PLAINTIFF**

v.                                                                            **CIVIL ACTION NO. 3:20-CV-210-CRS**

**APEL INTERNATIONAL, LLC**                                                                      **DEFENDANT**

## MEMORANDUM OPINION

Summary judgment was granted in this matter in favor of Defendant Apel International, LLC and against Plaintiff Christina Tharp. DN 34/35. Tharp took an appeal and the United States Court of Appeals for the Sixth Circuit affirmed the grant of summary judgment. Apel filed its Bill of Costs in the sum of $1,889.40 accompanied by the required declaration of necessity and receipts in support. DN 37. Tharp objected. DN 38. Apel responded to those objections. DN 39. The matter is thus ripe for decision.

Apel, the prevailing party in this matter, submitted a Bill of Costs in accordance with Fed.R.Civ.P. 54(d) and in compliance with Local Rule 54.3 requiring that "[t]he prevailing party…file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment."[1] Rule 54(d) provides that "[u]nless a statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Stover v. Amazon.com, LLC*, No. 5:19-cv-054-JMH,

---

[1] Tharp states that the Bill of Costs was not timely filed, but that is simply incorrect.

2021 WL 1215782, *1 (E.D.KY. March 30, 2021)(quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). "'The party objecting to the taxation bears the burden of persuading the Court that taxation is improper.' *Roll v. Bowling Green Metal Forming, LLC.*, 2010 U.S. Dist. LEXIS 78946, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other grounds, (6th Cir. 2005))." *Faith v. Warsame*, No. 3:18-CV-323-CRS, 2020 WL 981711, at *1 (W.D. Ky. Feb. 28, 2020).

Tharp has objected to the Bill of Costs on two grounds.

First, Tharp urges that the Court should deny costs to Apel due to the assertion she is a "low wage earner" and Apel's defense of the matter was purportedly covered under an insurance policy. "Although the ability of the *winning* party to pay his own costs is irrelevant, *id.*[2] at 730, another factor weighing in favor of denying costs is the indigency of the *losing* party. *Jones,*[3] 789 F.2d at 1233." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)(emphasis added). However, it is but one factor and "indigency ... does not 'provide an automatic basis for denying taxation of costs against an unsuccessful litigant.' " *Stover, supra.* at *1 (quoting *Singleton*, 241 F.3d at 538).

In any event, Tharp does not assert indigency nor has she offered any proof of such. Indeed, Tharp indicates that she was earning only $13.00 per hour as her base rate of pay at the time she left employment with Apel. However, Apel has provided documentation of Tharp's more recent employment with FedEx where it appears she was paid $20 to $23/per hour. DN 39-1.[4]

Tharp has provided no documentation whatsoever to establish she is unable to pay costs in this case. She states only in the broadest generalities that the Court should exercise its

---

[2] *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986).
[3] *Jones v. Continental Corp.,* 789 F.2d 1225, 1233 (6th Cir.1986).
[4] The FedEx earning statement was produced during discovery in this case.

discretion and decline to impose costs. Thus, on the present record, Tharp has failed to meet her burden to establish a basis for denial of the award of costs. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 346 (E.D.Mich. 1995)("[I]t is plaintiff's burden of proof to show that he is unable to pay costs, not defendant's burden to establish plaintiff's solvency." Objections to Bill of Costs overruled); *Moore v. Weinstein Co. LLC,* 40 F.Supp.3d 945 (M.D.Tenn. 2014)(Objections to Bill of Costs denied; no documentation provided).

In *Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 449 (E.D.Pa. 1998), the court stated, in pertinent part:

> The Rule 54 standard does not equate costs with a penalty for bringing an unmeritorious action; rather, the Third Circuit has ruled that for a district court to *deny* costs to a prevailing party is in the nature of a penalty. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985). Costs are assessed against losing parties bringing such socially useful actions as qui tam suits and civil rights suits. *See, e.g., United States v. Osteopathic Med. Ctr.,* Civ.A. No. 88–9753, 1998 WL 199663 (E.D.Pa. Apr. 24, 1998).
>
> The court is thus left with plaintiffs' claims regarding inequity based on ability to pay…Even a losing party that is unable to pay is not "automatically exempted" from costs—even parties proceeding in forma pauperis may be taxed costs. *See id.* at 100. Only if the record itself demonstrates a party's actual inability to pay may a court decrease costs on this basis. *See id.*
>
> In this case, while plaintiffs have asserted that it would be difficult or perhaps impossible for them to pay the costs they have been assessed, no record has been established that would permit the court to conclude that these unsuccessful plaintiffs should be relieved of their duty to pay costs. The only information this court has regarding the plaintiffs' ability to pay are counsel's unsubstantiated statement that Mr. Greene and Mr. Lewis do not have the resources to meet this burden. *See* Plfs.' Mot. at 6. This is insufficient to overcome the strong presumption that the losing party must pay costs. *See, e.g., Briscoe v. City of Philadelphia,* Civ.A. No. 95–1852, 1998 WL 52064, *2 (E.D.Pa. Jan. 28, 1998) (acknowledging that court may consider indigency but refusing to do so because plaintiff provided no documentation besides allegations in her motion); *McGuigan v. CAE Link Corp.,* 155 F.R.D. 31, 35 (N.D.N.Y.1994) (refusing to reduce costs because plaintiff did not adequately document inability to pay).

*Id.* at 448-449.

We find similar language in cases from courts within the Sixth Circuit. In *Frye v. Baptist Memorial Hosp., Inc.*, 863 F.Supp.2d 701 (W.D.Tenn. 2012), the court rejected the plaintiff's assertion of an inability to pay costs:

> Frye argues that he would be impoverished by being required to pay costs. "Among the factors the district court may properly consider in denying costs to a prevailing party ... [is] the losing party's inability to pay." *Texler v. Cnty. of Summit Bd. of Mental Retardation and Developmental Disabilities,* Nos. 92–3205, 92–3807, 92–3758, 1994 WL 252938, at *9, 1994 U.S.App. LEXIS 14421, at *25–26 (6th Cir. June 4, 1994).
>
> Although the losing party's indigent status is a relevant factor, *Singleton,* 241 F.3d at 539, Plaintiff has not submitted sufficient evidence to justify denying costs. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." *Tuggles v. Leroy–Somer, Inc.,* 328 F.Supp.2d 840, 845 (W.D.Tenn.2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." *Id.* (citation omitted). "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994)). "The losing party, however, must show an inability to pay to overcome the presumption that the prevailing party is entitled to recover costs. Such a showing can be made upon providing actual documentation of the inability to pay." *Lewis v. United States,* No. 02–2958 B, 2006 WL 1628091, at *2, 2006 U.S. Dist. LEXIS 17987, at *2 (W.D.Tenn. Apr. 7, 2006) (quoting *Richins v. Deere & Co.,* 229 F.R.D. 189, 192 (D.N.M.2004)).
>
> Frye has not provided sufficient details of his financial condition to demonstrate that he cannot pay the court-imposed costs at this time or in the future. *See, e.g., Lewis,* 2006 WL 1628091, at *1, 2006 U.S. Dist. LEXIS 17987, at *1–2 (affirming taxation of costs against plaintiff where he claimed that he had "virtually no money" and had been unemployed for five years). Frye's affidavit details his income and expenses, but it does not show why he would be rendered insolvent if ordered to pay costs. (*See* Frye Aff. 1–2, ECF No. 416–1); *see also Lewis,* 2006 WL 1628091, at *1, 2006 U.S. Dist. LEXIS 17987, at *1–2; *Tuggles,* 328 F.Supp.2d at 846 (declining to waive an award of costs based on plaintiff's financial condition where plaintiff presented an affidavit from the Chapter 7 Trustee for her bankruptcy estate stating that her estate had no assets and from herself stating that her income only allowed payment of her monthly bills); *Richins,* 229 F.R.D. at 194 (affirming taxation of costs because plaintiffs did not offer "the detailed and specific information that the Court could use to determine whether they could pay an $8,000 cost bill"). Given the information before the Court, there is no reason that, as the Clerk of Court concluded, Frye could not

> enter into an ("installment pay back agreement ... to facilitate [ ] payment[ ]."). (Bill of Costs 5.)

863 F.Supp.2d at 710-711.

As evidenced by the caselaw, the losing party must show much more than that she would be inconvenienced at having to pay costs or that the corporation she sued can better afford the costs of litigation than she can. Under Rule 54(d)(1), this is simply immaterial. Further, Tharp has failed to provide any evidence or legal authority of her own in support of her suggestion that the Court should exercise its discretion to decline to award costs in this case.

Second, Tharp urges that, should the Court determine costs are appropriate, it should limit the award to a sum of $1,300.00 for the removal fee ($400) and the certified copy of her deposition ($900). She offers no justification for the proposed trimming of the costs sought by Apel. In a footnote she contends that the various fees attendant to the taking of the deposition which were charged by Veritext Legal Solutions (itemized invoice, DN 37-2) should be "denied as excessive and excluded under Local Rule 54.3" without any further explanation why. Simply calling these itemized fees "excessive" does not make it so. These appear to be technology-related fees which are not, on their face, exorbitant.

To complicate matters, it appears that Apel has not gotten the math correct on its Bill of Costs (certifying the sum of $1,889.40) or in its response to Tharp's objections (noting a math error in the Bill of Costs and seeking an award of $2,289.40). The supporting documentation submitted with the Bill of Costs (DN 37-1; 37-2; 37-3), when properly totaled, yields a Bill of Costs of $2,189.40.

Tharp has not contested the costs themselves, beyond the argument concerning the deposition fee components which the Court has already rejected. The costs have been properly

documented, appear reasonable, and have been properly attested to as necessary in the case.[5]

Therefore, the Court will award costs in the sum of $2,189.40 to be paid by Tharp.[6] A separate order will be entered this date in accordance with this opinion.

March 9, 2023

Charles R. Simpson III, Senior Judge
United States District Court

---

[5] We do not find the obvious math error to be problematic, as the documentation clearly establishes the appropriate amount of the award.

[6] For purposes of clarity, we note that the Court's earlier denial of an award of attorney fees and costs (DN 33/34) does not impact the ability of Apel to obtain an award of costs as the prevailing party in this action. Apel sought an award of attorney fees and costs in conjunction with its motion for summary judgment as a sanction for Tharp's purported perjury in the case. The Court denied the request for attorney fees and costs, in its discretion, on the ground that the alleged perjury was not shown to have "impacted Apel's ability to defend the case," as it had asserted in its motion. DN 34, p. 15, PageID #621.